UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUIS A. ESCATEL,<br><br>              Petitioner,<br><br>      v.<br><br>KIM HOLLAND,<br><br>              Respondent. | Case No. CV 14-2394-RT (DFM)<br><br>ORDER TO SHOW CAUSE |

On March 28, 2014, Petitioner Luis A. Escatel (through counsel) filed in this Court a Petition for Writ of Habeas Corpus by a Person in State Custody.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in the state courts.[1] Exhaustion requires that a prisoner's contentions be fairly presented to the state courts and

---

[1] 28 U.S.C. § 2254(b)(1) provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971). The petitioner must reference specific provisions of the federal constitution, a federal statute or federal case law. See Robinson v. Schriro, 595 F.3d 1086, 1101 (9th Cir. 2010). Mere mention of the Constitution, or broad constitutional principles such as due process, equal protection, and the right to a fair trial, is insufficient. Fields v. Waddington, 401 F.3d 1018, 1021 (9th Cir. 2005).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). The Ninth Circuit has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam); see also Granberry v. Greer, 481 U.S. 129, 134-35 (1987).

Here, it appears from the face of the Petition that one of the three grounds for relief being alleged by Petitioner (i.e., Ground Three) has never been presented to the California Supreme Court, but rather was just raised for the first time in a habeas petition that is currently pending before the California Supreme Court. See Petition, Memorandum of Law, Attachment A.

The Court thus concludes that the Petition as it presently stands is a "mixed petition" containing both exhausted and unexhausted claims. Under

the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose, 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731 (1991); Castille, 489 U.S. at 349. However, in Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. Under Rhines, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." See id. at 277-78.

Here, Petitioner has not requested that the Court hold the Petition in abeyance until after he exhausts his state remedies with respect to his unexhausted claim, let alone purported to make the three necessary showings under Rhines. Per Rhines, where the petitioner has presented the Court with a mixed petition and the Court determines that stay and abeyance is inappropriate, the Court must "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." See Rhines, 544 U.S. at 278; see also Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013).

///
///
///
///
///
///

IT THEREFORE IS ORDERED that, on or before May 1, 2014, Petitioner either (a) file a stay-and-abeyance motion if he believes he can make the requisite three showings under Rhines; (b) file an Amended Petition deleting the unexhausted claims; or (c) show cause in writing, if he has any, why this action should not be dismissed without prejudice for failure to exhaust state remedies unless Petitioner withdraws his unexhausted claim.

Dated:   April 3, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge